IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

| | |
|---|---|
| Civil Action No. 05-CV-1495-AP (JLK) | ) |
| | ) |
| In re: | ) |
| | ) |
| PHILLIP EUGENE PHILLIPS | ) Bankruptcy Case No. 02-29116 EEB |
| SS# XXX-XX-7220 | ) Chapter 7 |
| Debtor. | ) |
| _____ | ) |
| TOM H. CONNOLLY, | ) On Appeal From the United States |
| Chapter 7 Trustee, | ) Bankruptcy Court for the District of |
| | ) Colorado |
| Plaintiff/Appellant, | ) |
| | ) The Honorable Elizabeth E. Brown |
| v. | ) |
| | ) Adversary No. 04-1989 EEB |
| ENGLEWOOD POST NO. 322 VETERANS | ) |
| OF FOREIGN WARS OF THE UNITED | )          ) |
| STATES, INC., MARGARET M. PHILLIPS, | ) |
| TROY BRACKEEN, RAMONA BRACKEEN, | ) |
| PHILSAX INCORPORATED, ACTION | ) |
| PROPERTIES, INC., and | ) |
| PHILLIP EUGENE PHILLIPS, | ) |
| | ) |
| Defendants/Appellees. | ) |

---

**ORDER CERTIFYING QUESTION OF STATE LAW TO THE COLORADO SUPREME COURT**

---

THIS MATTER, having come before the Court on the Appellant's Second Motion

to Certify Question of State Law to The Colorado Supreme Court; the Court having

reviewed the Appellant's Second Motion to Certify Question of State Law to The Colorado

Supreme Court and its file with respect to this matter; and deeming itself advised in the

premises;

HEREBY FINDS that cause exists for granting the Appellant's Second Motion to Certify Question of State Law to The Colorado Supreme Court.

FURTHER, THE COURT FINDS as follows:

a. Appellant is the Chapter 7 bankruptcy Trustee of the bankruptcy estate of Appellee Phillip Eugene Phillips ("Debtor"). Appellant commenced Adversary Proceeding No. 04-1989 EEB in the Bankruptcy Court ("Adversary Proceeding") naming the Appellees as Defendants therein seeking to avoid, as fraudulent conveyances pursuant to 11 U.S.C. §544 and C.R.S. 38-8-101, *et seq.*, certain transfers of personal property owned by Debtor as well as certain transfers of real and personal property owned by a Colorado corporation identified as Philsax, Inc. The Debtor was the majority and controlling shareholder of Philsax, Inc.

b. The Appellees as Defendants in the Adversary Proceeding failed to timely file an answer or otherwise respond to the Appellant's Complaint and the Appellant filed a Motion for Default Judgment against the Appellees in the underlying Adversary Proceeding and a subsequent Legal Brief.

c. The Bankruptcy Court entered judgment in favor of the Appellant and against the Appellees with respect to the conveyances of shares of stock in the closely held corporation, but the Bankruptcy Court dismissed the Appellant's claims seeking to avoid the transfers of the real and personal property of

2

Philsax, Inc.

d.      The Bankruptcy Court, citing <u>Cascade Energy & Metals Corp. v. Banks</u>, 896 F.2d 1557 (10th Cir. 1990) ("<u>Cascade Energy</u>") and <u>Floyd v. IRS</u>, 151 F.3d 1295 (10th Cir. 1998), held that absent a clear state law precedent allowing reverse piercing of the corporate veil, the Bankruptcy Court would not allow reverse piercing and dismissed the Appellant's alter ego claims.

e.      Contemporaneously with the filing of the Appellee's Second Motion to Certify Question of State Law to The Colorado Supreme Court, the Appellant filed his Opening Brief in the U.S. District Court Appeal, dated September 23, 2005.

f.      At issue in the Appeal is whether the Appellant, as a Chapter 7 Trustee of a Debtor who is a shareholder of a closely held corporation, may invoke the doctrine of alter ego to "reverse pierce" the corporate veil of the closely held corporation to fasten liability on it and thereby eventually reach the assets of the corporation owned by the shareholder debtor.

g.      The issues identified in the within Appeal involve questions of law of the State of Colorado and will be determinative of the matter pending before this Court in the within Appeal.

h.      A review of the reported decisions of the Colorado Supreme Court disclose no controlling precedent that this issue has been determined by the Colorado Supreme Court.

3

i.     Pursuant to Rule 21.1(b) of the Colorado Rules of Appellate Procedure, a request for certification may be made by a motion of any party.

j.     Pursuant to Rule 21.1(c) of the Colorado Rules of Appellate Procedure, the certification order is required to set forth (a) the question of law to be answered; and (b) a statement of all facts relevant to the question certified and showing fully the nature of the controversy in which the question arose.

THEREFORE, THE COURT ORDERS as follows:

1.     The question of law to be answered by the Colorado Supreme Court is as follows:

Under Colorado law and with respect to the alter ego doctrine, may a creditor of a shareholder of a closely held corporation and/or another shareholder of the closely held corporation "reverse pierce" the corporate veil of the closely held corporation to fasten liability on and thereby eventually reach the assets of the corporation owned by the shareholder? Such question is asked under circumstances where the creditor of a shareholder or another shareholder of the closely held corporation is seeking to avoid fraudulent conveyances of property of the closely held corporation where it is determined to be the alter ego of the shareholder; where there are no innocent third party creditors of the closely held corporation (other than the creditor seeking to pierce the corporate veil);

4

there are no other non-culpable shareholders of the

corporation; the shareholder is the party against which the

doctrine is being invoked; and, such shareholder is the actor

in a course of conduct constituting an abuse of the corporate

privilege.

2.    An understanding of all facts relevant to the question to be certified showing fully

the nature of the controversy in which the question arises is set forth below:

Introduction.

The Appellant filed his Complaint on October 19, 2004.  By his Complaint, the

Appellant seeks a judgment from the Bankruptcy Court avoiding various fraudulent

transfers pursuant to the provisions of 11 U.S.C. §544 and C.R.S. §38-8-101 *et seq.*, made

by the Debtor individually and through entities identified as Philsax, Inc. and Action

Properties, Inc. controlled by the Debtor which were nothing more than alter egos of the

Debtor to the various Appellees for the purposes of hindering, delaying and defrauding

legitimate creditors of the Debtor, without receiving adequate consideration and at a time

when such entities and/or the Debtor were insolvent or were rendered insolvent by such

transfers.

The Appellant seeks a judgment pursuant to 11 U.S.C. §550, that to the extent that

the various fraudulent transfers are avoided as requested by the Appellant in his First

Claim for Relief, that the Appellant be entitled to recover from the Appellees, for the benefit

of the Chapter 7 bankruptcy estate, the property and/or interest transferred or if otherwise

ordered by the Bankruptcy Court, the value of such property or interest transferred by the Debtor or by the entities controlled by the Debtor.

The Appellant requested that the Bankruptcy Court enter an equitable order piercing the corporate veil of Philsax, Inc., and determine that Philsax, Inc. is the alter ego of the Debtor, and that the actions of Philsax, Inc. in transferring the real and personal property were the actions of the Debtor.

Pursuant to Orders entered by the Bankruptcy Court in the underlying Chapter 7 case, the Appellant was authorized to take and did take the Rule 2004 examinations (Rule 2004 F.R.B.P.) of the Debtor, Appellee Margaret M. Phillips, and representatives and officers of Appellee Englewood Post No. 322 Veterans of Foreign Wars of the United States, Inc. ("VFW").  In addition, pursuant to the Bankruptcy Court's Orders with respect to the Rule 2004 examinations, documents were produced and authenticated by the various Appellees in connection with such Rule 2004 examinations.  These investigations of the Debtor's financial affairs were undertaken prior to the Appellant filing his Complaint in the Adversary Proceeding.

As a result of the investigations of the Appellant, the Appellant filed in his Complaint and sought default judgment against all the Appellees.  The Appellant attached a transcript of the Rule 2004 examination of the Debtor and included as exhibits, copies of certain of the documents produced at the various Rule 2004 examinations, which were attached to the Appellant's Motion for Default Judgment.  As indicated below, the Appellant supplied additional facts in support of his request for default judgment in his Legal Brief.

<u>The following facts established by the Appellant's investigation were included in support of the Appellant's Motion for Default Judgment</u>.

The Debtor filed his voluntary Chapter 7 bankruptcy petition on November 22, 2002.

Prior to May 2000, the Debtor was the principal shareholder of Philsax, Inc. purportedly holding a total of 5100 outstanding shares of stock in Philsax, Inc., or 51% of the total outstanding shares of stock in Philsax, Inc.  As further described below, in March 2002, the Debtor transferred 4300 shares, or 43% of his shares of stock in Philsax leaving his total shareholder interest in Philsax, Inc. at 800, or 8%.

Prior to March 2000, Appellee Margaret M. Phillips purportedly held 4900 outstanding shares of stock in Philsax, Inc., or 49% of the total outstanding shares of stock in Philsax, Inc.  In March 2000, Appellee Margaret M. Phillips acquired additional shares of stock from the Debtor which increased her ownership interest in Philsax, Inc. to 5200 shares, or 52% of the shares of stock in Philsax, Inc. and decreased the Debtor's shareholder interest in Philsax, Inc. to an 8% interest.  The Debtor's 8% interest in Philsax, Inc. was not listed by the Debtor as an asset in his bankruptcy proceeding.

Prior to the filing of his Chapter 7 bankruptcy petition, the Debtor was the purported principal shareholder of the entity identified as Action Properties, Inc. holding a total of 51% of the outstanding shares of stock in Action Properties, Inc.  The Debtor listed his 51% shareholder interest in Action Properties, Inc. on Schedule B of his bankruptcy Statements and Schedules filed in connection with his Chapter 7 bankruptcy filing.

Prior to the filing of the Chapter 7 bankruptcy petition of the Debtor, Appellant

7

Margaret M. Phillips was a purported shareholder of the entity identified as Action Properties, Inc. holding a total of 49% of the outstanding shares of stock in Action Properties, Inc.

In March 2000, the Debtor had been an officer, member and a person in a position of authority with respect to Appellant VFW.

In March 2000, Appellee Troy Brackeen was or became a purported shareholder and officer of Philsax, Inc. and was Post Commander[1] of Appellee VFW.  Appellee Troy Brackeen is the nephew by marriage of the Debtor.

In March 2000, Appellee Ramona Brackeen was or became a purported shareholder in Philsax, Inc.  Ramona Brackeen is the wife of Troy Brackeen and is a niece by marriage of the Debtor.

Appellee Margaret M. Phillips is the wife of the Debtor and was, in March 2000, a purported shareholder and an officer and director of Philsax, Inc. and Action Properties, Inc.  Mrs. Phillips is an auxiliary member of Appellee VFW.

Individuals identified as Robert M. Saxton and Janet M. Saxton are creditors of the Debtor, having obtained a state court judgment against the Debtor in the approximate amount of $135,000, which judgment arose in connection with a state court proceeding filed in the Arapahoe County, Colorado District Court.  The judgment had been entered in

---

[1]A VFW Post Commander is the key officer of the Post.  He represents both the judicial branch and the executive branch of the Post.  He presides over all meetings, enforces all rules, appoints committees and makes certain that the other officers and committees perform their duties.

favor of the Saxtons and against the Debtor on or before March 2000.  The Debtor, Action Properties, Inc. and Philsax, Inc. had been served Writs of Garnishment on behalf of the Saxtons in January 2000.  The Debtor was aware of the judgment against him in favor of the Saxtons.  Robert M. Saxton and Janet Saxton are listed as creditors holding unsecured claims in the Chapter 7 bankruptcy proceeding of the Debtor.  Mr. and Mrs. Saxton have filed a Proof of Claim in the Debtor's bankruptcy proceeding.

Prior to March 2000, Creditors Robert M. Saxton and Janet Saxton were shareholders, directors and officers of Philsax, Inc.  In January 2000, Robert M. Saxton and Janet Saxton were improperly removed as shareholders, directors and officers of Philsax, Inc. by the actions of the Debtor, which actions were supported by Appellee Margaret M. Phillips, Appellee Troy Brackeen and Appellee Ramona Brackeen.

Prior to March 2000, Philsax, Inc.'s primary, if not only, asset was the ownership of real property in Arapahoe County bearing the following legal description:

Parcel A Lots 10, 11, 12 and 13 and the North half of Lot 14, Block 8 South Broadway Heights, County of Arapahoe, State of Colorado, also known as 3940-54 South Broadway (Parcel A); and

Parcel B The South half of Lot 14 and all of Lot 15, Block 8 South Broadway Heights, County of Arapahoe, State of

Colorado, also known as 3956-60 South Broadway (Parcel B).

Philsax, Inc. acquired ownership of Parcel A and Parcel B from an entity identified as Century 21 Action, Inc. by means of a warranty deed recorded on or about May 6, 1992 with the Clerk and Recorder's Office of Arapahoe County, Colorado.

Century 21 Action, Inc. had acquired Parcel A and Parcel B from an entity identified as First Federal Savings which sold Parcel A and Parcel B to Century 21 Action, Inc.. Century 21 Action, Inc. was indebted to First Federal Savings for the purchase of Parcel A and Parcel B. First Federal Savings secured the indebtedness by means of a deed of trust recorded against Parcel A and Parcel B.

At the time Philsax, Inc. acquired Parcel A and Parcel B from Century 21 Action, Inc., Philsax, Inc. assumed the liabilities of Century 21 Action, Inc. to First Federal Savings by means of a written assumption agreement.

On or about March 8, 2000, Appellee Philsax, Inc. and Appellee VFW entered into a certain written agreement ("Written Agreement") whereby Appellee VFW would be added to the title on Parcel A by means of a quit claim deed. Pursuant to the terms of the Written Agreement, Appellee VFW agreed to pay Philsax, Inc. a total of $350,000 for Parcel A with $260,000 to be paid to Philsax, Inc. in monthly payments of $2,092 (principal and interest with interest at 9% amortized over 30 years). In addition, Appellee VFW agreed to pay Philsax, Inc. approximately $90,000 in cash for its interest in the real property. In exchange for the payment of $350,000 to Philsax, Inc., Philsax, Inc. agreed to transfer a

10

99.99% interest in Parcel A to Appellee VFW.

The Written Agreement was signed by the Debtor and Appellee Margaret M. Phillips on behalf of Philsax, Inc., and by Appellee Troy Brackeen as Commander of Appellee VFW, and by individuals identified as Dennis Norris, Sr. as Vice Commander of Appellee VFW and John Greenway as Quarter Master[2] of Appellee VFW.

A closing on the transfer of the 99.99% interest in Parcel A from Philsax, Inc. to Appellee VFW occurred on March 12, 2000.

At the closing, and contrary to the terms of the Written Agreement, Appellee VFW executed a Promissory Note in the original principal amount of $260,000 dated March 11, 2000, payable to Appellee Margaret M. Phillips with monthly payments of $2,092 with the first such monthly payment due May 2000 and continuing monthly thereafter.  The Note was amended in 2003.  The Promissory Note payable to Appellee Margaret M. Phillips was executed on behalf of Appellee VFW by Appellee Troy Brackeen as Commander of Appellee VFW and John Greenway as Quarter Master of Appellee VFW.

At the closing, and contrary to the Written Agreement, Appellee VFW also paid $89,673.37 to Action Properties, Inc.  The payment of $89,673.37 was by check no. 1447 dated March 11, 2000, written on Appellee VFW's account at First Industrial Bank.  The check was deposited by Action Properties, Inc. in its bank account with Norwest Bank,

---

[2]A VFW Quarter Master is responsible for all Post funds and property, and his signature validates all checks.  He keeps financial records of the Post and oversees all financial transactions.

Account No. 226-20072-65.  None of the proceeds from the $89,673.37 check were paid over to Philsax, Inc. by Action Properties, Inc.

To secure the repayment of the Promissory Note from Appellee VFW to Appellee Margaret M. Phillips, and contrary to the terms of the Written Agreement, Appellee VFW executed a deed of trust dated March 11, 2000 in favor of Appellee Margaret M. Phillips and encumbering Parcel A.

A warranty deed dated March 11, 2000 transferred Philsax, Inc.'s interest in Parcel A to Philsax, Inc. and Appellee VFW.  The March 11, 2000 warranty deed was recorded with the Clerk and Recorder's Office of Arapahoe County, Colorado on March 14, 2000. A correction warranty deed dated March 28, 2000 transferred a 99.99% interest to Appellee VFW and a .01% interest to Philsax, Inc. as tenants in common.  The correction warranty deed was recorded on March 29, 2001 with the Arapahoe County Clerk and Recorder's Office.

At a purported special meeting of the board of directors of Philsax, Inc. (identified as Appellees: Phillip Eugene Phillips, Margaret M. Phillips, Ramona Brackeen and Troy Brackeen) held on March 13, 2000, the Debtor received the $89,648.37, in exchange for a transfer by the Debtor of 20% of his shares of stock or 2000 shares to Appellee Troy Brackeen, 20% or 2000 shares of stock in Philsax, Inc. to Appellee Ramona Brackeen, and 3% or 300 of his shares of stock to Appellee Margaret M. Phillips.  As a result of the transfer of the shares of stock in Philsax, Inc., the Debtor retained 8% or 800 shares of stock in Philsax, Inc., Appellee Margaret M. Phillips held 52% or 5200 shares of stock in

12

Philsax, Inc., Appellee Troy Brackeen held 20% or 2000 shares of stock in Philsax, Inc., and Appellee Ramona Brackeen held 20% or 2000 shares of stock in Philsax, Inc.  The transfer of the various percentages and shares of stock to the Appellees as outlined herein was without consideration.

At a purported special meeting of the board of directors of Philsax, Inc. (identified as Appellees: Phillip Eugene Phillips, Margaret M. Phillips and Ramona Brackeen) held on March 8, 2000, 99.99% of Parcel B was transferred to Appellee Margaret M. Phillips. The transfer of the 99.99% of Parcel B to Appellee Margaret M. Phillips was without consideration.  A warranty deed dated March 11, 2000 transferred Philsax, Inc.'s interest in Parcel B to Philsax, Inc., Appellee Margaret M. Phillips and Action Properties, Inc.  The warranty deed was recorded on March 14, 2000 with the Arapahoe County Clerk and Recorder's Office.

Following the closing on Parcel A and contrary to the terms of the Written Agreement, Appellee VFW made monthly payments of $2,092.00 to or for the benefit of Appellee Margaret M. Phillips.

Except for the Debtor and Appellees Margaret M. Phillips, Troy Brackeen and Ramona Brackeen, there are no other shareholders or individuals holding equitable interest in Philsax, Inc.

The Debtor identified the creditors of Philsax, Inc. to be identical to the personal creditors of the Debtor.  Philsax, Inc. had no other creditors.

A Quit Claim Deed dated March 15, 2000 purportedly transferring Appellee VFW's

13

99.9% interest in Parcel A and Philsax, Inc.'s 0.01% interest in Parcel A to Appellee Margaret M. Phillips was recorded on January 26, 2005 with the Arapahoe County Clerk and Recorder's Office. The Quit Claim Deed is signed by Appellee Troy Brackeen as "President" and John Greenway as "Secretary" of Appellee VFW.

Philsax, Inc. and Action Properties, Inc. were incorporated in Colorado.

The following facts established by the Appellant's investigation were included in the Appellant's Legal Brief.

By Order dated March 4, 2005, the Bankruptcy Court, citing the case of Markum v. Fay, 844 F.Supp. 594 (U.S.D.C.D.Mass. 1995) aff'd in part and rev'd in part, 74 F.3d 1347 (1st Cir. 1996), directed the Appellant to address twelve criteria set forth in Markum v. Fay to support the Appellant's claims of alter ego. The twelve factors which the Court directed to be considered in deciding whether to pierce the corporate veil are: (1) common ownership; (2) pervasive control; (3) confused intermingling of business assets or management; (4) thin capitalization; (5) non-observance of corporate formalities; (6) absence of corporate records; (7) no payment of dividends; (8) insolvency at the time of the litigated transaction; (9) siphoning away of corporate assets by the dominant shareholder; (10) non-functioning of officers and directors; (11) use of the corporation for transactions of the dominant shareholder; and (12) use of the corporation in promoting fraud. The twelve criteria and specific facts which support Appellant's claim of alter ego were provided to the Bankruptcy Court by means of a Legal Brief dated April 11, 2005, filed by the Appellant. The facts which Appellant set forth in his Legal Brief were, like

14

those initially set forth in Appellant's Motion for Default Judgment, developed from the Appellant's investigation of the financial affairs of the Debtor.  These facts which support the criteria set forth in <u>Markum v. Fay</u> are set forth below.

      (1)    <u>Common Ownership</u>.  The Debtor and Appellee Margaret M. Phillips were the majority and minority shareholders of both Philsax, Inc. and Action Properties, Inc.  Neither Philsax, Inc. nor Action Properties, Inc. have issued stock certificates.  The Debtor held, on the date he filed bankruptcy, a 51% shareholder interest in Action Properties, Inc. and an 8% shareholder interest in Philsax, Inc. which interests are now property of the bankruptcy estate.  Appellee Margaret M. Phillips currently holds a 51% shareholder interest in Philsax, Inc. and a 49% shareholder interest in Action Properties, Inc.  At the time of the transfers of Parcel A and Parcel B from Philsax, Inc. to Appellees VFW, Margaret M. Phillips and Action Properties, Inc., The Debtor held a 51% purported shareholder interest in Philsax, Inc.

The Debtor transferred all but 8% of his purported shareholder interest in Philsax, Inc. to Appellees Margaret M. Phillips, Troy Brackeen and Ramona Brackeen without consideration and at a time when Creditors Murray M. Saxton and Janet R. Saxton held a judgment against the Debtor and had served writs of garnishment on Philsax, Inc., the Debtor and Action Properties, Inc.  At the time of the transfers of real property, the Debtor was a member of Appellee VFW and previously had been Post Commander of Appellee VFW.  Appellee Troy Brackeen

15

was Post Commander of Appellee VFW as well as a purported director of Philsax, Inc.  Appellee Margaret M. Phillips was an auxiliary member of Appellee VFW and a purported officer, director and shareholder of Philsax, Inc. and Action Properties, Inc.

(2)    Pervasive control.  The Debtor was president, director and purported shareholder of both Philsax, Inc. and Action Properties, Inc. and a member of Appellee VFW.  The Debtor made the decision to accept Appellee VFW's offer to acquire Parcel A.  The Debtor directed that the $89,648.37 in cash which was paid by Appellee VFW as part of the purchase price of Parcel A be paid to Action Properties, Inc. rather than Philsax, Inc. as had been agreed to between Philsax, Inc. and Appellee VFW.  Thereafter, the Debtor diverted the funds out of the Action Properties, Inc. bank account either to a bank account owned by Appellee Troy Brackeen or utilized the funds to pay his own personal expenses.  The Debtor provided inconsistent evidence concerning the disposition of the funds.   In connection with the state court proceeding brought by the Saxtons in April 2000, the Debtor submitted a written statement to the Arapahoe County District Court advising the Court that he had used all but $17,994.21 of the funds to pay personal expenses.  The Arapahoe County District Court ordered the Debtor to deposit the $17,994.21 in the registry of the Court, which apparently, he did not do.  In his Rule 2004 examination taken in November 2003, the Debtor testified that the funds were transferred to Appellee Troy Brackeen.   What the Debtor has clearly testified to is

16

that he diverted the funds to avoid the consequences of the writs of garnishment of the Saxtons.

Although ostensibly holding a 51% shareholder interest in Philsax, Inc. and a 49% shareholder interest in Action Properties, Inc., Appellee Margaret M. Phillips could not testify under oath at her Rule 2004 examination whether she is an officer, director or shareholder of either Philsax, Inc. or Action Properties, Inc. and could not explain her duties and obligations as a director or officer of either Philsax, Inc. or Action Properties, Inc.

Written notices of meetings of the board of directors of Philsax, Inc. were not prepared nor sent to other purported directors of either corporation.  As a result, both Action Properties, Inc. and Philsax, Inc. undertook actions at the direction of the Debtor without proper notice.  The Saxtons were at one time officers and directors of Philsax, Inc., however, they were removed as such at the direction of the Debtor without having received written notice of any meeting of the directors to remove them from the board.

In violation of the Post Bylaws of Appellee VFW, the check in the amount of $89,648.37 which was part of the purchase price for Parcel A, was co-signed by Appellee Troy Brackeen as Post Commander and by the Debtor, payable to Action Properties, Inc., not Philsax, Inc.  The Debtor had no authority from Appellee VFW to co-sign the check payable to Action Properties, Inc.  The Bylaws of Appellee VFW require that the Post Commander and the Post Quarter Master co-sign checks

disbursing the funds of Appellee VFW.  Although Appellee VFW agreed to purchase Parcel A from Philsax, Inc., the purchase and sale contract was signed by the Debtor and Appellee Margaret M. Phillips in their individual capacity as owners of Parcel A and not as representatives of Philsax, Inc.

The Debtor drafted the sale documents, closing documents, settlement sheet, promissory note, deed of trust and various deeds transferring Parcel A to Appellee VFW.  He prepared the deed transferring Parcel B to Appellees Margaret M. Phillips, Action Properties, Inc. and Philsax, Inc.  A title company did not handle the closing, which was conducted by the Debtor.  No title insurance was acquired in connection with the sale of Parcel A to Appellee VFW.

(3)  <u>Confused Intermingling of Business Assets and/or Management</u>. Philsax, Inc. had and has no corporate bank account.  Financial transactions involving Philsax, Inc. were run through the bank account of Action Properties, Inc. The Debtor and Appellee Margaret M. Phillips had and have signatory authority with respect to the Action Properties, Inc. bank account.  Funds in the Action Properties, Inc. bank account were utilized to pay personal expenses of the Debtor or diverted to an account owned by Appellee Troy Brackeen.  Although the cash payment of $89,648.37 for Parcel A was to be paid by Appellee VFW to Philsax, Inc., the check from Appellee VFW was made payable to Action Properties, Inc. and not Philsax, Inc.  Although an agreement was entered into between Appellee VFW and Philsax, Inc. for Philsax, Inc. to sell Parcel A to Appellee VFW in exchange for cash and a

18

$260,000 promissory note and security interest, Appellee VFW executed a promissory note in the amount of $260,000 payable to Appellee Margaret M. Phillips rather than Philsax, Inc. and granted a security interest in Parcel A to secure the repayment of the promissory note to Appellee Margaret M. Phillips rather than Philsax, Inc.  The transfer of Parcel B from Philsax, Inc. to Appellee Margaret M. Phillips was ostensibly for the purpose of paying for personal services which Appellee Margaret M. Phillips had provided to Action Properties, Inc. and not Philsax, Inc.  Appellee Margaret M. Phillips paid Philsax, Inc. nothing for Parcel B or for the $260,000 secured promissory note.  As a result of the various transfers of cash, the promissory note, deed of trust and real property, Philsax, Inc. was left as nothing more than a corporate shell since Philsax, Inc. owned no assets other than Parcels A and B.

(4)     <u>Thin Capitalization</u>.  In March 2000, the only asset of Philsax, Inc. was Parcel A and Parcel B, the real property on South Broadway.  As a result of the transfers of the assets of Philsax, Inc. to Appellees VFW, Margaret M. Phillips and Action Properties, Inc., Philsax, Inc. was rendered insolvent.  Philsax, Inc. was, at the time of the transfers, obligated to First Federal Savings (now Commercial Federal Savings) which held a note in the original principal amount of $189,824.16 payable by Philsax, Inc. secured by a deed of trust on both Parcels A and B.

(5)     <u>Non-Observance of Corporate Formalities</u>.  Philsax, Inc. had no written bylaws, provided no written notice to directors and/or shareholders with

respect to meetings of directors and shareholders, and maintained no written financial statements including no balance sheets.  Philsax, Inc. issued no shares of stock and did not have a stock transfer book.  Action Properties, Inc. issued no shares of stock nor did Action Properties, Inc. have a stock transfer book.  There were no written resolutions of the board of directors or meetings of the board of directors to add or remove directors of Philsax, Inc.  Directors were removed and added at the direction of the Debtor.  There was no written notice to the board of directors with respect to the sale of the real property from Philsax, Inc. to Appellee VFW.  As pointed out above, the purchase and sale contract entered into between Philsax, Inc. and Appellee VFW was signed by the Debtor and Appellee Margaret M. Phillips in their individual capacity and not as representatives of Philsax, Inc.

(6)    <u>Absence of Corporate Records</u>.  As indicated above, Philsax, Inc. had no written bylaws, no financial statements, no written resolution of the board of directors with respect to the sale and transfer of its sole asset, Parcels A and B, to Appellee VFW and Appellee Margaret M. Phillips, Action Properties, Inc. and Philsax, Inc. respectively.  Philsax, Inc. had no bank account, and neither Philsax, Inc. nor Action Properties, Inc. issued shares of stock or maintained a stock transfer book.

(7)    <u>No payment of Dividends</u>.  It is not known whether Philsax, Inc. or Action Properties, Inc. paid dividends to its shareholders.

(8)    <u>Insolvency at the Time of the Litigated Transaction</u>.  The transfer of

Parcels A and B from Philsax, Inc. to Appellee VFW and to Appellee Margaret M.

Phillips rendered Philsax, Inc. insolvent.  The real property was the sole asset of

Philsax, Inc. which was subject to an encumbrance of First Federal Savings, now

Commercial Federal Savings.  The Debtor testified at his Rule 2004 examination

that at the time of the transfer of the real property, Parcel A was worth

approximately $500,000, and Parcel B was worth $120,000, and as a result of the

transfers, Philsax, Inc. now has no value.  However, Philsax, Inc. remained subject

to the indebtedness owing to Commercial Federal Savings, the successor of First

Federal Savings in the original principal amount of $189,824.16.  The $89,648.37,

which should have been paid to Philsax, Inc., instead was paid to Action Properties,

Inc., which was then transferred at the direction of the Debtor to either Appellee

Troy Brackeen or for his own personal use.  The $260,000 promissory note which

was to provide Philsax, Inc. with monthly payments of $2,092, and which should

have been made payable to Philsax, Inc., instead was made payable to Appellee

Margaret M. Phillips.  The actions of the Debtor rendered Philsax, Inc. insolvent.

The Debtor testified at his Rule 2004 examination that, except for some used

business furniture, Action Properties, Inc. has no assets.

(9)   <u>Siphoning Away Corporate Assets by Dominant Shareholder</u>.  The

actions of the Debtor resulted in the transfer of Parcel A to Appellee VFW with no

consideration for Parcel A being paid to Philsax, Inc.  Cash of $89,648.37 ended

up being transferred to or for the benefit of the Debtor.  A $260,000 secured

promissory note was made payable to Appellee Margaret M. Phillips, not Philsax, Inc.  Parcel B was transferred to Appellee Margaret M. Phillips for no consideration, ostensibly for the purpose of rewarding Appellee Margaret M. Phillips for services which she had provided to Action Properties, Inc., not Philsax, Inc.

(10)   <u>Non-Functioning of Officers and Directors</u>.  Under oath at her Rule 2004 examination, Appellee Margaret M. Phillips could not positively testify that she was a director, officer or shareholder of Philsax, Inc. or Action Properties, Inc.  In addition, she could not identify the officers, shareholders and directors of either Philsax, Inc. or Action Properties, Inc.  Ostensibly she owns a 49% shareholder interest in Action Properties, Inc., and currently holds a 51% shareholder interest in Philsax, Inc.  Appellee Margaret M. Phillips could not testify as to the scope of her duties as an officer or director of either Philsax, Inc. or Action Properties, Inc.  Truthfully, she did testify that Philsax, Inc. and Action Properties, Inc. were "Phil's [Phillip Eugene Phillips] companies", meaning that the Debtor dominated and completely controlled both entities.

(11)   <u>Use of the Corporation for Transactions of the Dominant Shareholder</u>.  The Debtor manipulated both Philsax, Inc. and Action Properties, Inc. by transferring assets and his shareholder interest to hinder and delay Creditors Robert M. Saxton and Janet R. Saxton in an attempt to collect their judgment against the Debtor.  Corporate assets of Philsax, Inc. were transferred for no benefit to Philsax, Inc.  Cash deposited in Action Properties, Inc.'s bank account belonging

22

to Philsax, Inc. was diverted by the Debtor to either his own benefit or to Appellee Troy Brackeen.

(12) <u>Use of Corporation to Promote Fraud</u>. In March 2000, a judgment had been entered in favor of Robert M. Saxton and Janet R. Saxton against the Debtor. Writs of garnishment had been served on the Debtor, Philsax, Inc. and Action Properties, Inc. by the Saxtons. The transfer of the Debtor's majority shareholder interest in Philsax, Inc. resulted in the Debtor holding a minimal shareholder interest (8%) in Philsax, Inc., which resulted in minimizing his exposure to the collection activities of the Saxtons. In addition, the transfer of the real property assets of Philsax, Inc. to Appellees VFW and Margaret M. Phillips, plus the execution of the promissory note and deed of trust to Appellee Margaret M. Phillips, resulted in the diminution of the value of the shareholder interest of the Debtor in Philsax, Inc. The actions of the Debtor in transferring his shareholder interest in Philsax, Inc. and the transfer of the assets owned by Philsax, Inc. and Action Properties, Inc. constitute "badges of fraud" as identified in C.R.S. 38-8-105, and support the Appellant's assertion that these transfers constituted fraudulent conveyances avoidable under C.R.S. 38-8-101 <u>et seq</u>. by the Appellant. Such badges of fraud include the following: (1) Transfers to insiders. The Debtor transferred his majority shareholder interest in Philsax, Inc. to Appellees Margaret M. Phillips, Troy Brackeen and Ramona Brackeen without consideration. These individuals are all related to the Debtor. Philsax, Inc. transferred its real property assets to Appellee VFW (of which,

23

the Debtor was a member and had previously been Post Commander) and Appellee Margaret M. Philips without consideration; (2) the Debtor retained possession and control over the real and personal property transferred; (3) before such transfers, the Debtor had been sued by the Saxtons; (4) the transfers resulted in a transfer of literally all the assets of Philsax, Inc.; (5) the assets of Philsax, Inc. were transferred for no consideration; (6) the transfers rendered Philsax, Inc. insolvent; and (7), the transfers occurred when the Debtor had been sued and judgment had been entered in favor of Creditors Robert M. Saxton and Janet R. Saxton.

3.      Appellant is hereby ordered to provide any copies of the record in the within Appeal to the Colorado Supreme Court as may be directed by the Colorado Supreme Court.

4.      Pending a determination by the Colorado Supreme Court of whether it will accept certification of such question of law and in the event it agrees to accept certification, the within Appeal shall be held in abeyance and stayed pending a determination of this issue by the Colorado Supreme Court.

DATED:  October 24, 2005

                              BY THE COURT:


                              **S/John L. Kane**
                              U.S. District Court Judge

24